IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NCS ENERGY SERVICES, LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:14-cv-2347 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| THRU TUBING SOLUTIONS, INC. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORIGINAL COMPLAINT

This is an action for patent infringement in which NCS Energy Services, LLC ("NCS" or "Plaintiff") makes the following allegations against Thru Tubing Solutions, Inc. ("TTS" or "Defendant").

## PARTIES

1. Plaintiff is a corporation organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 19500 State Highway 249, Suite 410, Houston, Texas 77070-3022.

2. Upon information and belief, Defendant TTS is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 11515 S. Portland Ave., Oklahoma City, Oklahoma 73170. TTS manufactures for sale and/or sells oil and gas field products in the United States and, more particularly, in the Southern District of Texas. TTS may be served with process by serving its registered agent, Corporation Service Company, located at 2711 Centerville Rd Suite 400, Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

3.     This is an action for violation of the patent laws of the United States, Title 35, United States Code, more particularly, 35 U.S.C. §§ 271 *et seq*.

4.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over the Defendant. Defendant has conducted and does conduct business within the State of Texas.  Defendant has established an office in the Southern District of Texas at 11683 Hwy 105E, Conroe, Texas 77306. Upon information and belief, Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Southern District of Texas.  Upon information and belief, Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be used in the oil and gas industry in the State of Texas and in the Southern District of Texas.  Upon information and belief, these infringing products have been and continue to be purchased by consumers in the Southern District of Texas.  Defendants have committed the tort of patent infringement within the State of Texas and, more particularly, within Southern District of Texas.

6.     Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

**COUNT 1:  INFRINGEMENT OF U.S. PATENT NO. 8,490,702**

7.     Plaintiff refers to and incorporates all preceding paragraphs as though fully set forth herein.

8.     United States Patent No. 8,490,702 ("the '702 Patent"), entitled "Downhole Tool Assembly with Debris Relief, and Method for Using Same" was duly and legally issued by the

2

United States Patent and Trademark Office on July 23, 2013, after full and fair examination. Plaintiff is the exclusive owner of all rights, title, and interest in and to the '702 Patent and possesses all rights of recovery under the '702 Patent, including the right to recover damages for past infringements. A true and correct copy of the '702 Patent is attached as Exhibit A.

9. Upon information and belief, Defendant has directly infringed the '702 Patent. Upon information and belief, Defendant continues to directly infringe the '702 Patent.

10. Specifically, upon information and belief, Defendant has directly infringed the '702 Patent, and more specifically, at least claims 1, 15 and 16 by making, using, offering for sale, selling and/or importing into the United States certain of its products including at least the following: Zipp System (hereinafter "the Accused Product").

11. Further, on information and belief, Defendant has been and is now indirectly infringing by way of inducing end users to infringe the '702 Patent, and more specifically, at least claims 7, 16, 19 and 22 with knowledge of the '702 Patent by making, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction and/or advertising certain of its products, including the Accused Product, while Defendant knew that its actions were inducing end users to infringe the '702 Patent.

12. Further, on information and belief, Defendant has been and is now indirectly infringing by way of contributing to the infringement by end users of the '702 Patent, and more specifically, at least claim 16 with knowledge of the '702 Patent by selling, offering to sell and/or importing components, including the Accused Product, knowing the components to be especially made or especially adapted for use in the infringement of the '702 Patent. Such components are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

13. Defendant TTS has been on actual notice of the '702 Patent since at least as early as Plaintiff's notice letter to TTS dated July 10, 2014, and Defendant has not ceased its infringing activities. Plaintiff's letter to TTS is attached as Exhibit B along with its accompanying infringement proofs.

14. Upon information and belief, Defendant's infringement of the '702 Patent has been knowing and willful, at least since July 10, 2014 when Plaintiff provided notice of the '702 Patent to Defendant.

15. Rather than address NCS' concerns, TTS has continued to sell its Zipp System in the market while at the same time attempting to delay responding to NCS. NCS received a letter from attorneys for TTS on the last day of the 30 day time period within which NCS had requested a response from TTS. The letter provided no substantive response but requested another 45 days to investigate. A true and correct copy of the TTS letter is attached as Exhibit C.

16. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 § U.S.C. 284.

17. Plaintiff is in compliance with the requirements in 35 U.S.C. § 287 and is therefore entitled to past damages, at least as of the July 10, 2014 letter date. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

18. Plaintiff has been irreparably harmed by Defendant's acts of infringement, and will continue to be harmed unless and until Defendant's acts of infringement are enjoined and restrained by order of this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court enter judgment as follows:

A. That Defendant has infringed the '702 Patent as alleged herein;

B. That Defendant's infringement of the '702 Patent has been willful;

C. That Defendant accounts for and pays to Plaintiff compensatory damages for its acts of infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284;

D. That Plaintiff receive enhanced damages from Defendant in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendant's willful infringement of the '702 Patent;

E. That Defendant pay Plaintiff pre-judgment and post-judgment interest on the damages awarded, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

F. If no injunction is awarded, that Defendant pays Plaintiff an on-going royalty for future acts of infringement if appropriate, at a rate determined by the jury or the Court;

G. That Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it, be preliminarily and permanently enjoined from further infringement of the '702 Patent;

H. That this is an exceptional case under 35 U.S.C. § 285;

I. That Defendant pay Plaintiff all of Plaintiff's reasonable attorneys' fees and expenses under 35 U.S.C. § 285; and

J. Any and all other relief as the Court deems just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that a trial by jury on all issues.

DATED:	August 14, 2014		Respectfully submitted,

	 */s/ Keith A. Rutherford*
	Keith A. Rutherford
	*Attorney-in-charge*
	Texas State Bar No. 17452000
	S.D. Tex. Bar No. 15892
	Domingo M. LLagostera
	Texas State Bar No. 24070157
	S.D. Tex. Bar No. 1120040
	Nicholas Kliewer
	Texas State Bar No. 24083315
	S.D. Tex. *admission pending*
	WONG, CABELLO, LUTSCH,
	RUTHERFORD & BRUCCULERI, L.L.P.
	20333 SH 249, Ste. 600
	Houston, Texas 77070
	Telephone: (832) 446-2400
	Facsimile:  (832) 446-2424
	krutherford@counselip.com
	dllagostera@counselip.com
	nkliewer@counselip.com

	**COUNSEL FOR PLAINTIFF**
	**NCS ENERGY SERVICES, INC.**

6